UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12388RWZ

THE MILLGARD CORPORATION
**Plaintiffs**

v.

GADSBY HANNAH, LLP
**Defendant**

## ANSWER AND JURY CLAIM OF THE DEFENDANT, GADSBY HANNAH, LLP

The defendant, Gadsby Hannah, LLP, responds to the allegations contained in the plaintiff's Complaint as follows:

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's Complaint.

2. The defendant admits the allegations contained in paragraph 2 of the plaintiff's Complaint.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the plaintiff's Complaint.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the plaintiff's Complaint.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the plaintiff's Complaint.

6. The allegations in paragraph 6 constitute a summary of the plaintiff's claim and do not require a response. However, to an extent that a response is required, the allegations are denied.

7. The defendant admits the allegations contained in paragraph 7 of the plaintiff's Complaint.

8. The defendant admits the allegations contained in paragraph 8 of the plaintiff's Complaint.

## COUNT I

9. The defendant repeats and incorporates herein by reference its responses to paragraphs 1 through 8 as if fully set forth herein.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the plaintiff's Complaint.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the plaintiff's Complaint.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the plaintiff's Complaint.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the plaintiff's Complaint.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the plaintiff's Complaint.

15. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the plaintiff's Complaint.

16. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the plaintiff's Complaint.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the plaintiff's Complaint.

18. The defendant admits that Millgard consulted it with respect to certain matters and denies the balance of the allegations contained in paragraph 18 of the plaintiff's Complaint.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the plaintiff's Complaint.

20. The defendant denies the allegations contained in paragraph 20 of the plaintiff's Complaint.

21. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the plaintiff's Complaint.

22. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the plaintiff's Complaint.

23. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the plaintiff's Complaint.

24. The defendant denies the allegations contained in paragraph 24 of the plaintiff's Complaint.

25. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the plaintiff's Complaint.

26. The defendant denies the allegations contained in paragraph 26 of the plaintiff's Complaint.

27. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the plaintiff's Complaint.

28. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the plaintiff's Complaint.

29. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the plaintiff's Complaint.

30. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the plaintiff's Complaint.

31. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the plaintiff's Complaint.

32. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the plaintiff's Complaint.

33. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the plaintiff's Complaint.

34. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the plaintiff's Complaint.

35. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the plaintiff's Complaint.

36. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the plaintiff's Complaint.

37. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the plaintiff's Complaint.

38. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the plaintiff's Complaint.

39. The defendant admits that Connecticut General Statute §49-42 addresses rights on payments of bonds and denies the balance of the allegations contained in paragraph 39 of the plaintiff's Complaint.

40. The defendant admits that paragraph 40 is a partial but incomplete summary of the provisions of Connecticut General Statute §49-42.

41. The defendant denies the allegations contained in paragraph 41 of the plaintiff's Complaint.

42. The defendant admits the allegations contained in paragraph 42 of the plaintiff's Complaint.

43. The defendant admits that it sent a letter on May 5, 2000 and denies the balance of the allegations contained in paragraph 43 of the plaintiff's Complaint.

44. The defendant admits the allegations contained in paragraph 44 of the plaintiff's Complaint.

45. The defendant admits that Millgard retained the law firm of Michelson, Cane, Royster & Barger, P.C. and is without knowledge or information sufficient to form a belief as to the balance of the allegations contained in paragraph 45 of the plaintiff's Complaint.

46. The defendant admits the allegations contained in paragraph 46 of the plaintiff's Complaint.

47. The defendant admits that the Court dismissed claims against National Union and denies the balance of the allegations contained in paragraph 47 of the plaintiff's Complaint.

48. The defendant denies the allegations contained in paragraph 48 of the plaintiff's Complaint.

49. The defendant denies the allegations contained in paragraph 49 of the plaintiff's Complaint.

## COUNT II

50. The defendant repeats and incorporates herein by reference his responses to paragraphs 1 through 49 as if fully set forth herein.

51. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the plaintiff's Complaint.

52. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the plaintiff's Complaint.

53. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the plaintiff's Complaint.

5

54. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the plaintiff's Complaint.

55. The defendant denies the allegations contained in paragraph 55 of the plaintiff's Complaint.

## COUNT III

56. The defendant repeats and incorporates herein by reference his responses to paragraphs 1 through 55 as if fully set forth herein.

57. The defendant admits that Millgard consulted with it with respect to certain matters and denies the balance of the allegations contained in paragraph 57 of the plaintiff's Complaint.

58. The defendant admits that it charged Millgard for legal services and denies the balance of the allegations contained in paragraph 58 of the plaintiff's Complaint.

59. The defendant admits that Millgard has paid Gadsby and Hannah certain legal fees and denies the balance of the allegations contained in paragraph 59 of the plaintiff's Complaint.

60. The defendant admits that when it provided legal services it did so in accordance with the appropriate standard of care and denies the balance of the allegations contained in paragraph 60 of the plaintiff's Complaint.

61. The defendant denies the allegations contained in paragraph 61 of the plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's Complaint fails to state a claim against the defendants upon which relief can be granted.

### Second Affirmative Defense

If the plaintiff was damaged as alleged in the Complaint, any such damage was a result of acts or omissions of persons or entities over whom the defendant had no control and for whose conduct the defendant was not legally responsible.

### Third Affirmative Defense

The defendant acted in good faith and exercised appropriate judgment with respect to its interpretation, decisions, determinations and other actions and is therefore entitled to immunity from the claims asserted in this action.

### Fourth Affirmative Defense

The plaintiff's Complaint is barred by the equitable doctrine of estoppel.

### Fifth Affirmative Defense

The plaintiff is barred from recovery by the principle of election of remedies.

### Sixth Affirmative Defense

The plaintiff is barred from recovery by the absolute defense of privilege.

### Seventh Affirmative Defense

The plaintiff is barred from recovery since the negligence of the plaintiff was equal to or greater than any negligence of the defendant as alleged in the Complaint.

### Eighth Affirmative Defense

If the plaintiff was damaged as alleged in the Complaint, such damages must be reduced or diminished pursuant to Mass. Gen. Laws c. 231, §85 as a result of the negligence of the plaintiff.

### Ninth Affirmative Defense

The plaintiff has failed to mitigate its alleged damages and to that extent may not recover from the defendant.

### Tenth Affirmative Defense

The plaintiff has not suffered any actual damages and nominal damages, if suffered at all, cannot form the basis of the plaintiff's Complaint.

### Eleventh Affirmative Defense

The plaintiff is barred from recovery by the statute of frauds.

### Twelfth Affirmative Defense

The plaintiff's claim is barred by the applicable statute of limitations.

### Thirteenth Affirmative Defense

The plaintiff has failed to join an indispensable party pursuant to Rule 19 of the Massachusetts Rules of Civil Procedure.

### **JURY CLAIM**

The defendant respectfully claims a trial by jury on all triable issues to the fullest extent permitted by law.

WHEREFORE, the defendant requests that the plaintiff's claim be dismissed and that it be awarded its costs in defending this action.

GADSBY HANNAH, LLP
By his attorneys,

Michael J. Stone, BBO #482060
John P. Connelly, BBO #546670
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-4702

## CERTIFICATE OF SERVICE

    I, Michael J. Stone, hereby certify that on this 23rd day of December, 2004 I served the above document by first-class mail, postage prepaid on John S. Davagian, II, Esq., Davagian & Associates, 365 Boston Post Road, Suite #200, Sudbury, MA, 01776-3023.

_____
Michael J. Stone

PABOS2:MSTONE:602219_1