UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 FEB -4  P 2: 53

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| THE MILLGARD CORPORATION,<br>Plaintiff )<br>)<br>v. )<br>)<br>GADSBY HANNAH, LLP )<br>Defendant ) | Civil Action No. 04-12388-RWZ |

## REPORT OF PARTIES' PLANNING MEETING

**1. Planning Meeting.**

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on January 27, 2005 by conference call and was attended by John S. Davagian, II, Esq., for the Plaintiff, The Millgard Corporation, and Michael J. Stone, Esq. and Terri L. Pastori, Esq. for the Defendant, Gadsby Hannah, LLP.

**2. Pre-discovery Disclosures.**

The parties will exchange by February 24, 2005 the information required by Fed.R.Civ.P. 26(a)(1) and Local Rule 26.2(A).

**3. Discovery Plan.**

The parties jointly propose to the court to bifurcate the litigation according to the following plan:

Discovery, motions and trial would be held on the issue of liability first. Then, if necessary, the parties, after a further scheduling conference with the court, would proceed with discovery, motions and trial and/or alternative dispute resolution as to damages.

The parties would propose the following schedule for the case assessment and liability phase:

1

All discovery commenced in time to be completed by October 31, 2005.

Maximum of twenty five (25) interrogatories by each party to any other party. Responses due forty five (45) days after service.

Maximum of twenty five (25) requests for admission by each party to any other party. Responses due thirty (30) days after service.

Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendant.

Reports from retained experts under Rule 26(a)(2) due from Plaintiff by June 30, 2005 and from Defendant August 31, 2005. Expert discovery to be completed by December 31, 2005.

### 4. Certifications.

Counsel for each party will file under separate cover the required certifications regarding establishing a budget and alternative dispute resolution signed by counsel and an authorized representative of each party to this action.

### 5. Other Items.

The parties do not request a conference with the court before entry of the scheduling order other than the one currently scheduled for February 10, 2005.

**A.** The parties request a conference in January, 2006 to consider the scheduling of a trial as to liability. All potentially dispositive motions should be filed by a date to be determined at that conference. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from Plaintiff and Defendant thirty (30) days prior to trial. Parties should have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

**B.** Both Plaintiff and Defendant should be allowed until May 31, 2005 to join additional parties and until May 31, 2005 to amend the pleadings.

**C.** Once the liability phase is complete, if the case has not been disposed of, the parties

request a scheduling conference for the damage phase of the case.

    **D.** The parties to this action do not assent to trial by a magistrate judge.

Date: 2/3/2005

Respectfully Submitted,

| | |
|---|---|
| **The Millgard Corporation**<br>By its Attorneys,<br><br>*/s/ John S. Davagian, II*<br>John S. Davagian, II, BBO#114740<br><br>Davagian & Associates<br>365 Boston Post Road, Suite 200<br>Sudbury, MA  01776-3023<br>(978) 443-3773 | **Gadsby Hannah, LLP**<br>By its Attorneys,<br><br>*/s/ Michael J. Stone*<br>Michael J. Stone, Esq., BBO#482060<br>Terri L. Pastori, Esq., BBO#635323<br>Peabody & Arnold, LLP<br>30 Rowes Wharf<br>Boston, MA  02110<br>(617) 951-4702 |

3