UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12388-RWZ

| |
|---|
| THE MILLGARD CORPORATION,<br>      Plaintiff<br><br>v.<br><br>GADSBY HANNAH, LLP,<br>      Defendant |

MOTION OF THE DEFENDANT, GADSBY HANNAH LLP, FOR SUMMARY JUDGMENT

    Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Defendant, Gadsby Hannah LLP, moves for summary judgment all three counts contained in the Complaint of the Plaintiff, the Millgard Corporation ("TMC"). This litigation concerns a legal malpractice action against Gadsby Hannah LLP. The case has been bifurcated with liability issues (*i.e.* duty and breach) adjudicated first, and if the claim survives, damage related issues (*i.e.* proximate cause and harm) second. At the close of discovery in the liability phase, Gadsby Hannah now moves for summary judgment on all three counts for legal malpractice in the Complaint.

    The plaintiff, TMC, was a construction subcontractor headquartered in Michigan that supplied labor and materials to a state-owned bridge project in Connecticut called the Tomlinson Bridge Project. It alleges that it lost the opportunity to pursue a claim on a payment bond obtained by the general contractor on that project because of the negligence of its attorneys, Gadsby Hannah.

    As explained in Gadsby Hannah's Memorandum of Law filed simultaneously herewith, there are no genuine issues of material fact and Gadsby Hannah is entitled to judgment as a matter of law on all counts in the Complaint. The undisputed evidence establishes that Gadsby

Hannah was not retained to provide advice or representation with respect to the payment bond until a year after the period of limitations for making a bond claim had expired. Prior to that time, TMC, an experienced and sophisticated contractor undertook its own representation through negotiation and a mediation of its claim against the owner and general contractor, eschewing the opportunity to engage Gadsby Hannah for the purpose of providing counsel in the process. When mediation failed and TMC was discharged from the project, it finally turned to Gadsby Hannah to pursue a claim but by that time, the time period for pursuing a claim on the payment bond had already expired by more than a year.

Gadsby Hannah should be granted summary judgment because (1) TMC has failed to designate an expert witness and therefore cannot establish that Gadsby Hannah was negligent; (2) the uncontraverted expert testimony of Joel Lewin, an construction law attorney retained by Gadsby Hannah's counsel, establishes that Gadsby Hannah satisfied the standard of care in all respects; (3) TMC did not retain Gadsby Hannah to pursue a bond claim and kept Gadsby Hannah in the dark until after the limitations period expired to avoid legal expenses; and (4) TMC's claim for lost profits and overhead are not recoverable in a malpractice action.

In further support of this Motion, and incorporated herein by reference, Gadsby Hannah relies on the following documents: (1) Memorandum of the Defendant, Gadsby Hannah, in support of its Motion for Summary Judgment; (2) Local Rule 56.1 Statement of Undisputed Facts; (3) Affidavit of Attorney Ronald G. Busconi; (

4) Affidavit of Attorney Joel Lewin; and (5) Affidavit of Terri L. Pastori.

Gadsby Hannah respectfully requests that this Court grant its Motion for Summary Judgment on all three counts in the Complaint and grant such other relief as the Court deems just and equitable.

### REQUEST FOR ORAL ARGUMENT

Gadsby Hannah respectfully requests a hearing on its Motion for Summary Judgment.

Respectfully submitted,

GADSBY HANNAH LLP

By its attorneys,

/s/ Terri L. Pastori
Michael J. Stone, Esquire, BBO#482060
Terri L. Pastori, Esquire, BBO#635323
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

### **CERTIFICATION**

I certify pursuant to Local Rule 7.1 that counsel for the parties conferred on March 9, 2006 and attempted in good faith to narrow or resolve the issues raised in this motion and were unable to do so.

/s/ Terri L. Pastori
Terri L. Pastori

## **CERTIFICATE OF SERVICE**

    I, Terri L. Pastori, hereby certify that on March 10, 2006, the foregoing document was served upon counsel for the plaintiff, John S. Davagian, Esquire, by electronic mail at jsdavagian@jsdlawgroup.com.

                                      /s/ Terri L. Pastori
                                      Terri L. Pastori