UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| THE MILLGARD CORPORATION,<br>    Plaintiff<br><br>v.<br><br>GADSBY HANNAH, LLP<br>    Defendant | Civil Action No. 04-12388-RWZ |

## AFFIDAVIT OF COUNSEL IN ACCORDANCE WITH F.R.C.P. 56(f)

I, John S. Davagian, II, do hereby aver as follows:

1. I am an attorney duly licensed to practice law in the Commonwealth of Massachusetts and before the United States District Court of Massachusetts.

2. I am the principal in the law firm of Davagian & Associates, 365 Boston Post Road, Suite 200, Sudbury, Massachusetts 01776.

3. Davagian & Associates is counsel for the Plaintiff, The Millgard Corporation ("TMC"), in this action.

4. By agreement of the parties and the assent of the Court, the claims of liability and damages were bifurcated on or about February 10, 2005.

5. The parties have conducted discovery with respect to the Defendant's liability.

6. Upon the conclusion of discovery on the liability phase of the case, the Defendant has moved for summary judgment as to liability.

7. As part of that motion the Defendant has also moved for a ruling of law that TMC's claim for lost profits and overhead are not recoverable in a malpractice action.

1

8. Because of the bifurcation of the case, TMC has done no discovery with respect to damages.

9. If the case is not disposed of during the liability phase, TMC would request and/or subpeona documents from, at a minimum:

   a. White Oak Corporation;

   b. National Union Fire Insurance Company of Pittsburgh, PA; and

   c. State of Connecticut Department of Transportation.

10. Further, TMC would depose, at a minimum, the following individuals;

    a. Peter Huntsman;

    b. Jack Morrissey; and

    c. Edward Lassman.

11. Until that discovery is conducted, it is impossible for TMC to state the exact nature and amount of its damages.

12. Hence, as counsel for TMC, I maintain that until discovery is completed as to the exact nature and amount of TMC's damages, the Defendant's request for a ruling of law as to damages is premature.

Signed and sworn to under the pains and penalties of perjury this 31st day of March 2006.

/s/ John S. Davagian, II

John S. Davagian, II, Esq.

## CERTIFICATE OF SERVICE

  I, John S. Davagian, II, hereby certify that on March 31, 2006 I served a copy of the foregoing document upon counsel for the Defendant, Terri L. Pastori, Esquire, by electronic mail at tpastori@peabodyarnold.com.

                  /s/ John S. Davagian, II

                  John S. Davagian, II, Esq.

P:\active\Millgard\1269\Affidavit of John Davagian Rule 56(f).doc