UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12388-RWZ

THE MILLGARD CORPORATION,
                           Plaintiff

v.

GADSBY HANNAH, LLP,
                           Defendant

OPPOSITION OF GADSBY HANNAH TO PLAINTIFF'S MOTION TO DISQUALIFY ITS EXPERT, JOEL LEWIN

The Defendant, Gadsby Hannah LLP ("Gadsby Hannah") files this memorandum and supporting affidavits in opposition to the Plaintiff, The Millgard Corporation's ("TMC") motion to disqualify its expert, Joel Lewin, a partner with the firm of Hinckley Allen & Snyder ("Hinckley Allen") in Boston.  TMC's motion to disqualify is a desperate and futile attempt to avoid summary judgment.  The motion to disqualify should be denied because (1) TMC was never a client of Hinckley Allen; (2) Joel Lewin's role as a testifying expert does not constitute a conflicting representation; and (3) even if TMC was a client of Hinckley Allen for two Massachusetts Highway Department ("MHD") projects, the representation ended in 2005 and those matters are not substantially related to this case.

**I.     BACKGROUND**

In typical TMC fashion, it asserts in hindsight that everyone served as its lawyer.  In truth, Hinckley Allen never represented TMC.  TMC's most recent claim that yet another law firm represented it further demonstrates TMC's modus operandi with respect to attorneys, and further supports Gadsby Hannah's position that it is entitled to summary judgment because it had

no duty to provide advice on bond notification that TMC never sought but which, in an effort at revisionist history, TMC now wishes that it had obtained.

Charles E. Schaub, Jr. of Hinckley Allen represented Middlesex Corporation, a general contractor, in two disputes that it had with the MHD involving a project in Worcester ("Worcester Project") and one in Boston ("Summer Street Project"). TMC was one of Middlesex's subcontractors and not surprisingly, submitted claims for extra compensation due to changed conditions. Middlesex submitted its claims and those of its subcontractors (including TMC) to the MHD. MHD denied the claims.

Hinckley Allen represented Middlesex in connection with prosecuting the claims at an administrative appeal pursuant to Massachusetts General Laws Chapter 16, Section 5. Middlesex pursued the claims before the administrative law judge because it had a substantial financial interest in a successful outcome. For example, the administrative law judge awarded $290,667.00 on the Worcester job for obstruction removal and rock socket drilling. The unit price payable by Middlesex to Millgard under the subcontract for this work was $745.00 per linear foot but Middlesex received $1300.00 per linear foot from the MHD under the award. In addition, had Middlesex refused to pursue these claims it would be subject to a court action by Millgard under the subcontract. Pursuant to TMC's subcontract with Middlesex, TMC was required to cooperate with Middlesex in the claim presentation and would be paid its proportionate share of the recovery net Middlesex's overhead and profit and attorneys' fees. See Subcontract, §§ 20.2-20.4, attached as Exhibit A to Affidavit of David Skerrett.

TMC was a witness in the claims presentation and Schaub met and communicated with TMC employees to present the claims on behalf of Middlesex. All of the submissions Hinckley Allen made on the Worcester and Summer Street projects were submitted on behalf of

Middlesex, not TMC.  David Coleman of TMC made submissions on behalf of TMC to the administrative law judge.  Coleman signed in and appeared on behalf of TMC at the hearings.  Schaub signed in at the claim hearings as the attorney for Middlesex not TMC.  TMC filed its own rebuttal brief with the administrative law judge in July 2003.  In November 2004, Coleman wrote to Middlesex, not to its alleged lawyer at Hinckley Allen, inquiring into the status of the administrative proceedings.  A few months ago, in November 2005, Coleman wrote directly to the administrative law judge to ask him to push the cases along because he was concerned about the statute of limitations for commencing suit.  Coleman did not ever send copies of his letter to the judge to the attorneys for the MHD or Middlesex.

Hinckley Allen did not represent TMC.  TMC has never paid Hinckley Allen for legal services in connection with the administrative appeals.  To the extent that Middlesex and TMC had an arrangement concerning sharing Hinckley Allen's fees and the other expenses incurred in connection with the appeals, the arrangement was between the parties and not Hinckley Allen.

Relative to this case, Lewin's uncontradicted testimony is that at no time from April 1998 through March 15, 1999 did the standard of care require Gadsby Hannah and its attorneys to conduct research and advise TMC of its obligations under Connecticut law to give notice to White Oak's surety.  Gadsby Hannah did not have a duty to offer advice beyond the specific tasks that TMC assigned to Attorney Busconi.  It was not required to provide TMC with general advice about all of its rights and responsibilities related to the Tomlinson Bridge Project.  To avoid summary judgment, TMC is trying to piece together a disingenuous claim that Hinckley Allen represented it and therefore, Lewin's engagement as an expert witness in this case presents

a conflict. The facts conclusively establish that Hinckley Allen has never represented TMC.[1] Furthermore, Lewin's engagement in this case does not create conflicting representation. Lewin was retained by Gadsby Hannah's attorneys to provide his expert opinion on the standard of care applicable to this case; nothing more. Lewin is not a consultant or counsel in this case. He did not work on the two MHD projects about which TMC is now complaining. He has no confidential information of TMC. The disputes over the MHD projects are completely unrelated to the dispute between TMC and Gadsby Hannah arising from the Tomlinson Bridge Project in Connecticut.

## II.   ARGUMENT

### a. Standard of Review.

Motions to disqualify experts "should be viewed with extreme caution for they can be misused as techniques of harassment." Commonwealth Ins. Co. v. Stone Container Corp., 178 F. Supp. 2d 938, 944 (N.D. Ill. 2001) (quoting Freeman v. Chicago Musician Instrument Co., 689 F.2d 715, 722 (7th Cir. 1982)). "[D]isqualification is a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" Commonwealth Ins. Co., 178 F. Supp. at 944 (quoting Owen v. Wangerin, 985 F.2d 312, 317 (7th Cir. 1993)). The movant bears the heavy burden of establishing the facts warranting disqualification. See Evans v. Artek Sys. Corp., 715 F.2d 788, 794 (2d Cir. 1983); City of Springfield v. Rexnord Corp., 111 F. Supp. 2d 71, 73 (D. Mass. 2000). TMC's motion should be denied for at least three reasons. First, Hinckley Allen did not represent TMC. Second, Joel Lewin is not representing anyone in this case; he is only offering an expert opinion. Third, even assuming arguendo that Hinckley Allen

---

[1] In fact, TMC consulted with Gadsby Hannah concerning the MHD projects. See Affidavit of Ronald G. Busconi ¶¶ 4-6.

4

represented TMC on the MHD projects, according to Coleman's affidavit, the representation ended in 2005, and since those matters and this case are not substantially related, there is no impermissible conflict.

> **b. Hinckley Allen Did Not And Could Not Represent TMC Because Of Its Duty Of Undivided Loyalty To Its Client, Middlesex, Which Had Interests That Conflicted With Those Of TMC.**

Hinckley Allen did not represent TMC in connection with the MHD proceedings. TMC suggests that it had an implied attorney-client relationship with Hinckley Allen. "To imply an attorney-client relationship. . . the law requires more than an individual's subjective, unspoken belief that the person with whom he is dealing, who happens to be a lawyer, has become his lawyer." Flaherty v. Baybank Merrimack Valley, N.A., 808 F. Supp. 55, 60-61 (D. Mass 1992) (Zobel, J.). TMC cannot proffer anything more than Coleman's alleged subjective intent, which was conjured up after learning that Lewin was Gadsby Hannah's expert witness.

Coleman's contemporaneous actions and writings belie TMC's claim that Schaub represented TMC. Coleman made submissions on behalf of TMC to the administrative law judge. TMC filed its own rebuttal brief with the administrative law judge in July 2003. If Schaub was representing TMC, he would have made all the submissions. As the sign in sheet attached to Schaub's affidavit indicates, Coleman appeared on behalf of TMC at the hearings. In November 2004, Coleman wrote to Middlesex, not to its alleged lawyer, inquiring into the status of the administrative proceedings. If Coleman believed that Schaub represented TMC, he would have written to Schaub directly. Coleman wrote directly to the administrative law judge to ask the judge to push the cases along because he was concerned about the statute of limitations for commencing suit. He did not even provide copies of the letter to the attorneys for the MHD or Middlesex.

5

Coleman does not claim in his affidavit that TMC agreed with Hinckley Allen to pay any of its fees. Coleman does not claim that TMC actually paid Hinckley Allen's fees. Attorney Schaub and David Skerrett, the Vice President of Middlesex, categorically deny that Hinckley Allen represented TMC in connection with the MHD appeals. Coleman's assertions should be taken for what they are: a desperate attempt to manufacturer a conflict where none exists.

To the extent that TMC claims it relied on Hinckley Allen's attorneys, such reliance was unreasonable given that the attorneys would have faced conflicts of interest had they represented both Middlesex and TMC. Id. at 61. TMC's unreasonable reliance cannot give rise to an attorney-client relationship.

### c. Lewin's Engagement As A Testifying Expert Does Not Create A Conflicting Attorney-Client Relationship Under the Massachusetts Rules Of Professional Conduct.

TMC makes the sweeping assertion that Lewin should be disqualified from offering an expert opinion in this case because Schaub, his partner, represented Middlesex and TMC in two disputes with the MHD. TMC fails to cite a single case or Rule of Professional Conduct that supports its contention that an expert witness has a conflict under the facts of this case.

TMC's assertion overlooks a critical and fatal fact: Lewin <u>does not represent</u> Gadsby Hannah in this case. He is simply a testifying expert witness. Nothing more. He does not act as co-counsel to Peabody & Arnold LLP. He has not provided any legal advice to Gadsby Hannah. He is not a behind the scenes consulting expert. Lewin was simply asked to review materials, draw on the expertise derived from his experience as a construction lawyer, and offer opinions on the standard of care relevant in this case.[2]  "[E]xperts are not advocates in the litigation but

---

[2] TMC does not claim that Lewin used confidential information within the possession of Hinckley Allen to formulate his expert opinion.

6

sources of information and opinions." City of Springfield, 111 F. Supp. 2d at 74 n.2 (quoting English Feedlot, Inc. v. Norden Lab., Inc., 833 F. Supp. 1498, 1501 (D. Col. 1993). Lewin's undertaking in this case does not constitute legal representation under the Massachusetts Rules of Professional Conduct. See Commonwealth Ins. Co., 178 F. Supp. 2d at 944 (expert's undertaking not legal representation under Rule 1.7 and 1.10 of Model Rules of Professional Conduct as adopted in Illinois);[3] Grant v. Lewis/Boyle, Inc., 408 Mass. 269, 272 (Mass. 1990) (expert witness who was registered engineer and attorney did not provide legal representation in that role and was not disqualified on grounds of attorney-client privilege from testifying in favor of plaintiff even though expert had previously been retained by defendant on another matter because expert did not provide legal representation to either party); ABA formal Opinion 97-407 (lawyer acting as an expert witness does not establish an attorney-client relationship with the party or provide law related service such as would render the services subject to the Model Rules of Professional Conduct). Lewin is not engaged in conflicting representation and therefore, is not prohibited by the Rules of Professional Conduct from offering his expert opinion even though it is unfavorable to TMC's position in this case and should lead to the imposition of summary judgment against TMC.

---

[3] The defendant in the Commonwealth Insurance Co. case also made the claim that the plaintiff's expert should be disqualified because his engagement created an appearance of impropriety because his firm represented the defendant in another matter. After consideration, the court rejected the defendant's contention. See Commonwealth Ins. Co., 178 F. Supp. at 949. Massachusetts courts have criticized the "appearance of impropriety" standard for assessing whether a disqualifying conflict exists. See Adoption of Erica, 426 Mass. 55, 64 n.10 (Mass. 1997).

> **d. Even Assuming Arguendo That Hinckley Allen Represented TMC In Connection With The MHD Projects, There Is Still No Conflict Because Those Matters Have Been Resolved And Are Not Substantially Related To This Case.**

According to Coleman's affidavit, Hinckley Allen's representation of it concluded in 2005. Taking TMC's allegations as true, TMC is not a current client of Hinckley Allen. If Hinckley Allen had represented TMC, it would have an ongoing duty to maintain TMC's confidences. In recognition of the fact that not every successive representation implicates Cannon 4's requirement to protect client confidences, the Supreme Judicial Court has adopted a two-part assessment to test a claim that an attorney should be disqualified from representing a current client because of a conflict arising from the representation of a former client. Adoption of Erica, 426 Mass. at 60-61. First, the later representation must be adverse to the interests of the former client, and second, the matters of the two representations must be substantially related. Id. at 61. As explained above, Hinckley Allen and Joel Levin are not representing Gadsby Hannah in this case. Therefore, TMC cannot satisfy the first prong. Second, the matters involved in the MHD projects and those in this case are not related let alone "substantially related." See id. at 62. TMC cannot to satisfy the second prong either. Therefore, Lewin is not prohibited from offering expert testimony in this case.

## III.    CONCLUSION

TMC's claim that Lewin should be disqualified because of a conflict is nothing but smoke and mirrors. TMC is trying to impermissibly bootstrap onto its general contractor's relationship with Hinckley Allen. Hinckley Allen has never represented TMC. Schaub and Middlesex categorically deny TMC's claim to the contrary. Lewin does not represent Gadsby Hannah in this case. Even if TMC was a client if Hinckley Allen, Lewin's engagement in this case does not give rise to conflicting legal representation under either Rule 1.7 or 1.10 of the

Massachusetts Rules of Professional Conduct.  Finally, even assuming <u>arguendo</u> that Hinckley Allen represented TMC in connection with the MHD claims, Coleman states that the representation ended in 2005, making TMC a former client.  Since the MHD matters are not substantially related to TMC's claims for legal malpractice against Gadsby Hannah, there is no impermissible conflict under Rule 1.9 of the Massachusetts Rules of Professional Conduct.  TMC's motion should be denied.

REQUEST FOR ORAL ARGUMENT

Gadsby Hannah respectfully requests a hearing on its opposition to TMC's motion to disqualify.

        Respectfully submitted,

        GADSBY HANNAH LLP

        By its attorneys,

        /s/ Terri L. Pastori
        Michael J. Stone, Esquire, BBO#482060
        Terri L. Pastori, Esquire, BBO#635323
        PEABODY & ARNOLD LLP
        30 Rowes Wharf
        Boston, MA 02110
        (617) 951-2100

## **CERTIFICATE OF SERVICE**

    I, Terri L. Pastori, hereby certify that on April 11, 2006, the foregoing document was served upon counsel for the plaintiff, John S. Davagian, Esquire, by electronic mail at jsdavagian@jsdlawgroup.com.

                                                  /s/ Terri L. Pastori
                                                  Terri L. Pastori