UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12388-RWZ

| |
|---|
| THE MILLGARD CORPORATION,<br>                              Plaintiff<br><br>v.<br><br>GADSBY HANNAH, LLP,<br>                              Defendant |

MEMORANDUM OF GADSBY HANNAH IN SUPPORT OF ITS MOTION TO STRIKE
AFFIDAVIT OF RICHARD MILLGARD

      The Defendant, Gadsby Hannah LLP ("Gadsby Hannah") moves to strike the affidavit of Richard Millgard that the Plaintiff, The Millgard Corporation ("TMC") submitted in opposition to Gadsby Hannah's motion for summary judgment.  Richard Millgard's affidavit conflicts with his deposition testimony and attaches notes of his conversations with Attorney Ronald Busconi in May and June 1998, which TMC failed to produce until now.  Richard Millgard's affidavit and the notes should be stricken.

**I.    TMC HAD COUNTLESS OPPORTUNITIES TO PRODUCE RICHARD MILLGARD'S NOTES AND FAILED TO DO SO UNTIL GADSBY HANNAH FILED FOR SUMMARY JUDGMENT.**

      TMC commenced this suit approximately a year and a half ago.  Discovery on liability is over.  Each party had made their automatic disclosures as required by Local Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Gadsby Hannah served TMC with document requests.  See Exhibit A to the Affidavit of Terri L. Pastori ("Pastori Affidavit").  Even though Richard Millgard's  notes are responsive to Gadsby Hannah's document request, TMC did not produce them.  See Exhibit A, Request Number 2.  The parties took 8 depositions, including Richard

Millgard's on September 20, 2005. Richard Millgard never once mentioned that he had notes concerning his conversations with Attorney Busconi that had not been produced. In fact, at his deposition, Richard Millgard testified as follows:

> Q. Do you maintain any records from the Tomlinson Bridge Project?
>
> A. Not specifically since I left the Millgard Corporation.

Richard Millgard Deposition at 7 (excerpts of Richard Millgard's deposition testimony are attached to the Pastori Affidavit as Exhibit B).

Richard Millgard contends that it was only after reviewing Gadsby Hannah's motion for summary judgment that he decided to check his "personal" files. Never once did TMC or any of its witnesses mention the existence of Richard Millgard's notes. Without question, TMC was required to produce the notes as part of its automatic disclosure and in response to Gadsby Hannah's formal request for documents.

TMC was a small closely-held corporation run by Richard Millgard and his older brother, Dennis. Richard Millgard was an executive vice president of TMC and still owns shares in the company. Richard Millgard Deposition at 9, 115. Richard Millgard's notes were in the control of TMC. See Green v. Fulton, 157 F.R.D. 136, 142 (D. Me. 1994) ("Legal ownership or actual physical possession is not required; documents are considered to be under a party's 'control' when that party has the right, authority or ability to obtain those documents upon demand"); Haseotes v. Abacab Intern. Computers, Inc., 120 F.R.D. 12, 13 (D. Mass. 1988) (concluding that a party has control over documents if it has a legal right to obtain them and ruling that the individual defendants as officers, directors, and shareholders of two corporations can be required to produce documents in the custody of the corporations). Neither TMC, Dennis Millgard nor

Richard Millgard has offered any explanation as to why Richard Millgard waited until TMC was served with a summary judgment motion to review his personal files for relevant documents.

TMC deprived Gadsby Hannah of the notes throughout discovery in this case when it could have used them in depositions.  By producing these notes at the summary judgment stage, long after Richard Millgard's deposition was concluded, TMC has deprived Gadsby Hannah the opportunity to have its lawyers examine Richard Millgard about the notes and test their authenticity, which is obviously suspect.  To allow TMC to use the notes in opposition to Gadsby Hannah's summary judgment motion (or at trial) would unfairly prejudice Gadsby Hannah.  As a sanction for TMC's fast and loose practices with its discovery obligations, this Court should strike Richard Millgard's affidavit and notes.[1]

## II.  RICHARD MILLGARD'S AFFIDAVIT CONTRADICTS HIS SWORN DEPOSITION TESTIMONY AND SHOULD BE DISREGARDED.

Richard Millgard and Attorney Busconi spoke briefly in May 28, May 29, and June 1, 1998.  Richard Millgard testified at his deposition that he spoke to Attorney Busconi for the first time in May 1998, because he "felt it necessary to inquire about the laws, what we can and can't do in the State of Connecticut, notification on the bond, what was appropriate for us…"  Richard Millgard Deposition at 60.  He claims that he was looking to Attorney Busconi to review the documentation and advise him concerning "Connecticut law, what we could and couldn't do, … notification on the bond and just review all the documents to make sure that we are proceeding in the a proper form and fashion."  Richard Millgard Deposition at 72.

Richard Millgard does not know what documents, if any, were sent to Gadsby Hannah in connection with his inquiry.  Richard Millgard Deposition at 62-67.  He cannot even remember

3

when the unspecified documents were sent. Richard Millgard Deposition at 62-97. He does not remember what advice Attorney Busconi provided him about the notification requirements. Richard Millgard Deposition at 103.

In response to Gadsby Hannah's motion for summary judgment, Richard Millgard has the very specific (and contradictory) recollection that on May 28, May 29 and June 1, 1998 he asked Attorney Busconi: (1) how the Connecticut bond laws worked; (2) when and how we should file against the White Oak bond; and (3) when, how, and if we would should [sic] file suit with respect to the TMC claim for differing site conditions." Richard Millgard Affidavit ¶ 9.

It is bedrock law in this circuit that an interested witness cannot create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that contradicts the witness's prior deposition testimony. Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 35 (1st Cir. 2001). Richard Millgard's explanation that his notes refreshed his recollection is insufficient. His "notes" do not provide a detailed summary of the conversation. They contain disjointed one word comments. It is incredible for Richard Millgard to now claim that the scant notes refreshed his recollection to such a high degree of specificity almost 8 years after the conversations occurred.

### III.  EVEN IF THIS COURT CONSIDERS RICHARD MILLGARD'S AFFIDAVIT AND NOTES, GADSBY HANNAH IS ENTITLED TO SUMMARY JUDGMENT.

Richard Millgard's notes and affidavit do not raise material issues of fact sufficient to avoid summary judgment. At the end of the day, Richard Millgard's testimony is still that Attorney Busconi would have needed certain documents to properly advise TMC; he does not

---

[1] Alternatively, to the extent that Richard Millgard claims that his notes are his personal records and not the business records of TMC, they constitute inadmissible hearsay.

know what documents were sent to Attorney Busconi and when they were sent; and he does not recall what advice Attorney Busconi gave him.  TMC cannot survive a motion for summary judgment based on these facts.

Gadsby Hannah respectfully requests that this Court grant its Motion to Strike, order Richard Millgard's affidavit stricken from the summary judgment record, issue an order prohibiting TMC from using Richard Millgard's notes for any purpose in any future proceedings or trial in this case, and grant such other relief as the Court deems just and equitable.

    Respectfully submitted,

    GADSBY HANNAH LLP

    By its attorneys,

    /s/ Terri L. Pastori
    Michael J. Stone, Esquire, BBO#482060
    Terri L. Pastori, Esquire, BBO#635323
    PEABODY & ARNOLD LLP
    30 Rowes Wharf
    Boston, MA 02110
    (617) 951-2100

## CERTIFICATE OF SERVICE

    I, Terri L. Pastori, hereby certify that on April __, 2006, the foregoing document was served upon counsel for the plaintiff, John S. Davagian, Esquire, by electronic mail at jsdavagian@jsdlawgroup.com.

/s/ Terri L. Pastori
Terri L. Pastori

PABOS2:TPASTOR:635779_1
14825-90693