UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE MILLGARD CORPORATION,<br>    Plaintiff | )<br>)<br>)<br>) |  |
| v. | )<br>) | Civil Action No. 04-12388-RWZ |
| GADSBY HANNAH, LLP<br>    Defendant | )<br>)<br>)<br>) |  |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR RECONSIDERATION OF SUMMARY JUDGMENT DECISION**

Plaintiff, The Millgard Corporation ("TMC"), hereby opposes the Motion of the Defendant Gadsby Hannah ("Gadsby Hannah") for Reconsideration with respect to the Honorbale Court's decision denying Gadsby Hannah's Motion for Summary Judgment. In response, TMC offers this Opposition. For the reasons stated herein, the Defendant's Motion must be denied.

**Procedural Background**

On or about March 10, 2006, Gadsby Hannah filed its Motion for Summary Judgment. TMC filed a timely opposition and this Honorable Court heard the matter on April 13, 2006. On July 13, 2006, this Court issued its memorandum of decision wherein it denied Gadsby Hannah's Motion. Despite the Court's findings, Gadsby Hannah filed a Motion for Reconsideration on July 24, 2006, claiming that it was error for this Court to deny its Motion for Summary Judgment.

**Argument**

*A.     Standard for Motion for Reconsideration.*

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  A party may not submit evidence that is not newly discovered in support of a motion for reconsideration".  In re Hannigan, 2005 WL 3263923 (Bkrtcy.D.Mass.) citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171, 106 S. Ct. 2895, 90 L.Ed.2d 982 (1986).  *See also* In re Mortgage Investors Corp., 136 B.R. 592, 598 (Bankr.D.Mass.1992).  "A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented".  In re Hannigan citing Keyes v. National Railroad Passenger Corp., 766 F. Supp. 277, 280 (E.D.Pa. 1991).  *See also* In re Grand Builders, Inc., 122 B.R. 673, 675 (Bankr. W. D. Pa 1990) (A motion for reconsideration is not a means by which parties can rehash previously made arguments).  In an opinion of United States Bankruptcy Court, District of Massachusetts, Judge Hillman wrote the following:

> The court does not have the luxury of treating its first decision as a dress rehearsal for the next time.  The court is required to "get it right" the first time.  No less is expected of counsel.  Initial arguments are not to be treated as a dress rehearsal for a second attempt to prevail on the same matter.  Counsel is also expected to "get it right" the first time and to present all the arguments which counsel believes support its position.  Arguments which counsel did not present the first time or which counsel elects to hold in abeyance until the next time will not be considered.  Arguments which were fully considered and rejected by the court the first time will not be considered when repeated by counsel the second time.  In re Wedgestone Financial, 142 B.R. 7 (Bankr.D.Mass. 1992) citing In re Armstrong Store Fixtures Corp., 139 B.R. 347, 350 (Bankr.W.D.Penn.1992).

Although a trial judge is vested with the inherent authority to reconsider a case, an issue, a question of fact or law until a final judgment or decree is entered, a judge is under no duty to

reconsider a case and is not obligated to exercise such power.  *See* Peterson v. Hopson, 306 Mass. 597, 600-601 (1940).  In fact, a judge should hesitate to undo her own work.  Id. at 603.

In the present case, there has been no significant change in the law and Gadsby Hannah is merely rehashing its previously made arguments.  Furthermore, Gadsby Hannah has failed to identify any manifest errors of law or fact or present any newly discovered evidence for consideration as is reflected by its omission of a supplemental statement of undisputed material facts as required by Local Rule 56.1.  The Motion fails due to a procedural defect and therefore must be summarily denied.

### *B.     The Date TMC Last Performed Work Remains to be a Question of Material Fact*

On July 13, 2006, this Court issued its memorandum of decision wherein it denied Gadsby Hannah's Motion for Summary Judgment, stating unequivocally that "the expiration date is itself in dispute, since the parties disagree as to when TMC last performed work on the Tomlinson Bridge . . ."  More specifically, this Court was "reluctant to conclude on the basis of Gadsby's assertions alone that work is 'last performed' under C.G.L. § 49-42 where work has stopped but equipment remains", citing Blakeslee Arpaia Chapman, Inc. v. EI Constructors, Inc., 239 Conn. 708, 724,-25 (1990).

Blakeslee clearly sets forth a similar fact pattern to the present case, and its application of law is supportive of TMC's position.  *See also* Safe Environment of America, Inc. v. Employers Insurance of Warsau, 278 F.Supp.2d 121, 126 (D. Mass. 2003) (In its limitation argument, Defendant used plaintiff's payroll report regarding demobilization of equipment from the project site to determine the last day of work performed); United States Dep't of Navy ex rel. Andrews v. Delta Contractors Corp., 893 F. Supp. 125 (D.P.R. 1995) (Where a lessee left a crane at a job site, the limitations period did not commence until the crane was removed) citing United

States of America for and on behalf of Carlisle Const. Co., Inc. v. Coastal Structures, Inc., 689 F.Supp. 1092 (M.D. Fla. 1988)(Rental period of crane started upon crane's arrival and ended when crane loaded on a vehicle for return); Steenberg Construction Co. v. Prepakt Concrete Co., 381 F.2d 769 (10th Cir. 1967)(Removal of supplies, material and equipment constituted performance of labor under the contract).

In attempting to distinguish Blakeslee, Gadsby Hannah has mischaracterized the facts of the present case in an effort to dismiss the application of Blakeslee's authority. In particular, TMC never "walked off the job" nor did it demobilize in September of 1998, as Gadsby Hannah alleges. TMC stopped work on the project on September 15, 1998 because it had completed all of its work in the work areas provided by White Oak and no other work area was prepared and available for TMC to continue working. (See Plaintiff's Statement of Additional Undisputed Material Facts, filed with its Opposition to Gadsby Hannah's Motion for Summary Judgment, at ¶ 36). TMC only laid off its labor. It then waited on White Oak for an opportunity to conduct further work. (Affidavit of V. Dennis Millgard.) On May 21, 1999, White Oak sent TMC a letter of termination. (See Exhibit "C" to Affidavit of Terri L. Pastori in Support of Defendant, Gadsby Hannah's Motion for Reconsideration). White Oak terminated TMC because its surety directed White Oak to complete the job itself. (Exhibit "A" to Affidavit of John S. Davagian, II – Deposition Transcript of V. Dennis Millgard at pp. 138-140). As a practical matter, had TMC walked off the job on September 15, 1998, as alleged, and/or had White Oak intended for TMC to not conduct any further work, White Oak surely would not have waited at least six months to issue a letter of termination.

On July 27, 1999, following a telephone conversation with Ed Lassman, who was counsel for the surety, Busconi notified TMC that it was okay for TMC to remove its equipment off of

4

the job site. (Exhibit "B" to Affidavit of John S. Davagian, II - Busconi Deposition Transcript at pp. 87-96; Exhibit "C" to Affidavit of John S. Davagian, II - Deposition Exhibit No. 69). TMC was a Michigan corporation for whom mobilization to or from locations such as Connecticut required extensive time for logistical planning and execution. Because of such, mobilization was specifically identified in the line item subcontract between White Oak and TMC as an item of work. (See Exhibit "F" to Affidavit of Terri L. Pastori in Support of Defendant, Gadsby Hannah's Motion for Reconsideration). Mobilization is a common term used in the construction industry that refers to the work of transporting the materials and equipment to the jobsite, the assembly of that equipment, and the mustering of the workforce necessary to complete the project as well as the reverse process that occurs upon project completion. (Affidavit of V. Dennis Millgard.)

Based on the foregoing, TMC's work was last performed on September 7, 1999; the day the last piece of equipment was removed from the job site.

### C.    *Gadsby Hannah Rehashes the Same Argument that Expert Testimony is Required*

Gadsby Hannah argues yet again that TMC's case must fail due to a lack of expert witness. This argument was raised at the Case Management Conference and again at the Summary Judgment Hearing. This Court was not previously persuaded by Gadsby Hannah's arguments and addressed the issue in writing in the Memorandum of Decision, citing Pongonis for the proposition that expert testimony is not required in cases where the claimed malpractice is "so obvious that laymen can rely on their common knowledge to recognize or infer negligence." Pongonis v. Saab, 396 Mass. 1005 (1985). Gadsby Hannah has offered no new legal precedent of any kind to warrant reconsideration of its motion for summary judgment.

5

**Conclusion**

Based on the foregoing, the plaintiff, The Millgard Corporation respectfully requests that this Honorable Court <u>deny</u> Defendant, Gadsby Hannah, LPP's Motion for Reconsideration.

                                                **The Millgard Corporation**
                                                By its attorney,

Date:   8/1/2006                     <u>/s/ John S. Davagian, II</u>
                                                John S. Davagian, II
                                                B.B.O. No. 114740
                                                Thomas E. Sartini, III
                                                B.B.O. No. 637971
                                                Davagian & Associates
                                                365 Boston Post Road, Suite 200
                                                Sudbury, MA 01776
                                                978-443-3773

**CERTIFICATE OF SERVICE**

I, John S. Davagian, II, hereby certify that on August 1, 2006 I served a copy of the foregoing document upon counsel for the Defendant, Terri L. Pastori, Esquire, by electronic mail at <u>tpastori@peabodyarnold.com</u>.

                                                            <u>/s/ John S. Davagian, II</u>

                                                            John S. Davagian, II, Esq.