UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12388-RWZ

THE MILLGARD CORPORATION

v.

GADSBY HANNAH, LLP

MEMORANDUM OF DECISION

August 2, 2006

ZOBEL, D.J.

Defendant Gadsby Hannah LLP ("Gadsby") moves for reconsideration of this court's denial of its motion for summary judgment on all counts of the legal malpractice complaint filed by The Millgard Corporation ("TMC"). Gadsby first contends that, as a matter of law, the date on which TMC last performed work was September 15, 1998, rather than September 7, 1999, as TMC contends.[1] I was unwilling to accept either date when deciding Gadsby's summary judgment motion because "[n]either party . . . provided any case law supporting its position." (Mem. of Decision, July 13, 2006, Docket No. 45 ("Mem."), at 5-6). Gadsby now cites, for the first time, numerous Connecticut and federal court cases addressing the issue of when work was "last performed" under the relevant statute. A motion for reconsideration, which is generally granted only in "extraordinary circumstances," is not "an opportunity for a party to improve upon his arguments or try out new arguments." Davis v. Lehane, 89 F. Supp. 2d 142, 147, 149 (D. Mass. 2000) (internal quotation marks omitted); see also In re

---

[1] If Gadsby is correct with respect to the date, TMC's claim may be barred by the applicable statute of limitations.

Wedgestone Fin., 142 B.R. 7 (Bankr. D. Mass. 1992) ("Arguments which counsel did not present the first time or which counsel elects to hold in abeyance until the next time will not be considered."). Gadsby also seeks reconsideration on the basis that TMC has failed to offer expert testimony and thus cannot prevail on a legal malpractice claim, a ground previously submitted and rejected. "Arguments which were fully considered and rejected by the court the first time will not be considered when repeated by counsel the second time." Id.

Accordingly, the motion for reconsideration (Docket #46) is denied.


  August 2, 2006                    /s/ Rya W. Zobel
     DATE                          RYA W. ZOBEL
                                   UNITED STATES DISTRICT JUDGE