UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12388-RWZ

THE MILLGARD CORPORATION,
                Plaintiff

v.

GADSBY HANNAH, LLP,
                Defendant

**MOTION OF THE DEFENDANT, GADSBY HANNAH LLP, TO EXCLUDE EVIDENCE RELATING TO ITS CONDUCT AFTER MARCH 15, 1999**

The Defendant, Gadsby Hannah LLP ("Gadsby Hannah") moves *in limine* for an order precluding the Plaintiff, The Millgard Corporation ("TMC"), from introducing any evidence relating to Gadsby Hannah's conduct after March 15, 1999 because it is not relevant to TMC's malpractice claims, and will confuse the jury and waste the time of the court and the parties. Gadsby Hannah submits that the limitations period for making the bond claim at the heart of this case expired as a matter of law on March 15, 1999. This issue is ripe for determination and a ruling prior to trial is necessary to streamline the issues for trial, assist the parties in their preparation and presentation of their cases, and avoid any potential confusion of the jury.[1]

Millgard should be precluded from introducing evidence concerning Gadsby Hannah's conduct after March 15, 1999 because the last day TMC had to make a bond claim for alleged

---

[1] Gadsby Hannah previously filed a motion for summary judgment on TMC's malpractice claim. At that time, the court declined to grant summary judgment concluding that the summary judgment record did not clarify whether the parties had an attorney-client relationship with respect to the payment bond issue before April 2000; if they did, when such a relationship arose; and whether the relationship arose before or after the bond's limitations period expired. This

outstanding contract balance and the extra work due to the unforeseen subsurface conditions was March 15, 1999 -- 180 days after it last performance drilling work. TMC's alleged "demobilization" of idle equipment in September 1999 did not extend the limitations period because (1) extra-contractual work does not extend the period for making a bond claim pursuant to Section 49-42; (2) TMC's claim does not even include the alleged costs for idle equipment or demobilization; (3) TMC cannot make a claim for demobilization under the mobilization line item in the subcontract because it was paid in full for mobilization; and (4) TMC is not entitled to compensation for idle equipment under its unit price subcontract. Gadsby Hannah, therefore, submits that any evidence concerning its alleged conduct after March 15, 1999 is irrelevant, would confuse the jury and should not be admitted. Gadsby Hannah seeks an order on this issue in advance of trial in order to avoid confusion of the jury on such a fundamental issue.

In further support of this Motion, and incorporated herein by reference, Gadsby Hannah relies on the following documents: (1) Memorandum of the Defendant, Gadsby Hannah, in support of its Motion in Limine; and (2) Affidavit of Terri L. Pastori.

Gadsby Hannah respectfully requests that this Court grant its Motion for *in limine* and grant such other relief as the Court deems just and equitable.

<u>REQUEST FOR ORAL ARGUMENT</u>

Gadsby Hannah respectfully requests a hearing on its Motion *in limine*.

---

motion seeks a ruling on the narrow issue of when the limitations period expired and submits that on the record submitted herewith, the issue is capable of resolution.

Respectfully submitted,

GADSBY HANNAH LLP

By its attorneys,

/s/ Terri L. Pastori
Michael J. Stone, Esquire, BBO#482060
Terri L. Pastori, Esquire, BBO#635323
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

4

**CERTIFICATION**

I certify pursuant to Local Rule 7.1 that counsel for the parties conferred on January 12, 2007 and attempted in good faith to narrow or resolve the issues raised in this motion and were unable to do so.

                                                    /s/ Terri L. Pastori  
                                                    Terri L. Pastori

**CERTIFICATE OF SERVICE**

I, Terri L. Pastori, hereby certify that on January 12, 2007, the foregoing document was served upon counsel for the plaintiff, John S. Davagian, Esquire, by electronic mail at jsdavagian@jsdlawgroup.com.

                                                    /s/ Terri L. Pastori  
                                                  Terri L. Pastori

PABOS2:TPASTOR:653174_1  
14825-90693