UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12388-RWZ

THE MILLGARD CORPORATION,
                Plaintiff

v.

GADSBY HANNAH, LLP,
                Defendant

**MOTION OF THE DEFENDANT, GADSBY HANNAH LLP, TO PREVENT TMC FROM INTRODUCING EVIDENCE RELATING TO ANY EVENTS AFTER APRIL 7, 2000**

The Defendant, Gadsby Hannah LLP ("Gadsby Hannah") moves *in limine* for an order precluding the Plaintiff, The Millgard Corporation ("TMC"), from introducing any evidence concerning events after April 7, 2000, the day upon which Gadsby Hannah served notice of TMC's bond claim upon the surety for TMC's general contractor, White Oak. The surety denied TMC's bond claim as untimely. The events after April 7, 2000, besides the surety's rejection of the bond claim, are irrelevant to TMC's malpractice claim, and will confuse the jury and waste the time of the court and the parties. In further support of this motion, Gadsby Hannah states as follows.

    1.    It is not disputed that by April 7, 2000, TMC had retained Gadsby Hannah to make a claim on White Oak's bond, and by that time, the time for making a bond claim had expired.

    2.    In the course of pretrial disclosures, TMC has identified numerous exhibits relating to events occurring after April 7, 2000, including communications between Gadsby Hannah and White Oak's attorney, communications between Gadsby Hannah and the surety,

communications between Gadsby Hannah and TMC, communications between TMC and the law firm it retained to commence suit against White Oak and its surety (including inadmissible expert opinion), communications between Gadsby Hannah and TMC's new law firm, internal TMC memoranda, and the notes of John Giffune an attorney with Gadsby Hannah from May 2000 calculating the time-frame for making a bond claim.

3. Those documents and any other evidence concerning the events that transpired after April 7, 2000, when Gadsby Hannah mailed the bond claim to White Oak's surety are irrelevant, would confuse the jury, and should not be admitted.

4. Gadsby Hannah seeks an order on this issue in advance of trial in order to assist the parties in preparing for trial and to avoid confusion of the jury that would result if this issue were left unresolved until the time of trial.

5. This motion is filed in the alternative to Gadsby Hannah's motion *in limine*, dated January 12, 2007, for an order precluding any evidence concerning Gadsby Hannah's conduct after March 15, 1999 because the limitations period for making the bond claim at the heart of this case expired as a matter of law on March 15, 1999.

WHEREFORE Gadsby Hannah respectfully requests that this Court grant its motion *in limine* and grant such other and further relief as it deems necessary.

REQUEST FOR ORAL ARGUMENT

Gadsby Hannah respectfully requests a hearing on its Motion *in limine*.

Respectfully submitted,

GADSBY HANNAH LLP

By its attorneys,

/s/ Terri L. Pastori
Michael J. Stone, Esquire, BBO#482060
Terri L. Pastori, Esquire, BBO#635323
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

**CERTIFICATION**

I certify pursuant to Local Rule 7.1 that counsel for the parties conferred on January 15, 2007 and attempted in good faith to narrow or resolve the issues raised in this motion and were unable to do so.

/s/ Terri L. Pastori
Terri L. Pastori

**CERTIFICATE OF SERVICE**

I, Terri L. Pastori, hereby certify that on January 16, 2007, the foregoing document was served upon counsel for the plaintiff, John S. Davagian, Esquire, by electronic mail at jsdavagian@jsdlawgroup.com.

/s/ Terri L. Pastori
Terri L. Pastori

PABOS2:TPASTOR:653268_1
14825-90693