UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12388-RWZ

THE MILLGARD CORPORATION,
                    Plaintiff

v.

GADSBY HANNAH, LLP,
                    Defendant

## MOTION OF THE DEFENDANT, GADSBY HANNAH LLP, TO EXCLUDE TESTIMONY CONCERNING THE CLAIM THAT IT DID NOT INFORM TMC OF CONNECTICUT GENERAL LAWS SECTION 4-61

The Defendant, Gadsby Hannah LLP ("Gadsby Hannah") moves *in limine* for an order precluding the Plaintiff, The Millgard Corporation ("TMC"), from introducing any evidence concerning its claim that Gadsby Hannah did not inform it of Connecticut General Laws Section 4-61, including the Connecticut Supreme Court's opinion in Federal Deposit Ins. Corp. v. Peabody N.E., Inc., 680 A.2d 1321 (Conn. 1996). As grounds for this motion, Gadsby Hannah states that in one paragraph in its Complaint, TMC alleges that "Gadsby Hannah neglected to inform [it] of the effect of Connecticut General Laws Section 4-61 which negatively impacted Millgard's rights to recovery for the differing site conditions." Complaint ¶ 20. To the extent that TMC is asserting a claim against Gadsby Hannah based on this contention, all testimony and evidence in support of the claim should be excluded because TMC needs an expert, which it does not have, to establish that Gadsby Hannah breached a duty by not advising it of the statute. Additionally, there is no causal connection between the alleged failure to inform TMC of Connecticut General Laws Section 4-61 and any recoverable damages.

In further support of this motion, Gadsby Hannah states as follows:

1.      This case involves a claim of legal malpractice against Gadsby Hannah relating to TMC's work on the Tomlinson Bridge project in Connecticut in which White Oak was its general contractor and Connecticut the owner.

2.      In its complaint, TMC alleges that beginning in early 1998, it encountered unforeseen subsurface conditions as it installed caissons on the project and as a result, it experienced significant time and cost overruns.  Complaint ¶¶ 16-17.

3.      TMC contends that Gadsby Hannah was negligent because it did not advise it of the deadline for making a claim against the bond of its general contractor, White Oak, even though Gadsby Hannah was not retained to make a claim on the bond until well after the deadline passed.

4.      In a passing reference in its Complaint, TMC alleges that Gadsby Hannah was negligent because it did not advise it of Connecticut General Laws Section 4-61.  Section 4-61 delineates the procedure for contractors that have contracts with the state for a highway or public works project to assert claims against the state.  See Conn. Gen. Laws §4-61.  The Connecticut Supreme Court in the Peabody case interpreted Connecticut's waiver of sovereign immunity in General Laws Section 4-61 as precluding subcontractors from making a direct claim against the state unless the general contractor with whom the state contracted admits liability to the subcontractor and incorporates the subcontractor's claim into its own claim.  Peabody, 680 A.2d at 1327.

5.      Evidence concerning TMC's claim that Gadsby Hannah did not advise it of Section 4-61 and related case law should be excluded for two reasons.

6.     First, TMC needs an expert to establish that Gadsby Hannah had a duty to inform TMC of Section 4-61.  <u>See</u> <u>Pongonis v. Saab</u>, 396 Mass. 1005, 1005 (1985); <u>Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein PC</u>, 25 Mass. App. Ct. 107, 111 (1987).  TMC does not have an expert to establish such a duty, and correspondingly cannot prove that a breach occurred.  As such, TMC should be precluded from introducing any evidence in support of that claim.

7.     Second, TMC's has not alleged in its complaint and cannot prove at trial that there is any causal connection between its alleged ignorance of Section 4-61 and any recoverable damage.  Any attempt by TMC to link the failure to inform to alleged damage is based upon pure speculation and conjecture concerning how things might or might not have turned out differently.  The claim is a non sequitur.  TMC is not claiming that Gadsby Hannah should have informed it about the Connecticut statute during TMC's negotiations with White Oak for work on the project or that such information would have affected the negotiations.  TMC did not even ask Gadsby Hannah to participate in those contract negotiations.  Rather TMC claims that Gadsby Hannah should have informed TMC about the statute while TMC was in the middle of installing caissons as required by its subcontract.  By that time, TMC was already bound to perform under its subcontract regardless of whether TMC knew that it could not proceed against the state directly without first liquidating its claim against the contractor.  TMC cannot establish that its alleged ignorance of Section 4-61 had any effect on it whatsoever, let alone that it caused TMC harm for which it can recover.

8.     Based on the foregoing, TMC should not be allowed to introduce any evidence in support of its claim that Gadsby Hannah was negligent for not informing it of Section 4-61, including the statute itself and the <u>Peabody</u> case.

WHEREFORE Gadsby Hannah respectfully requests that this Court grant its motion *in limine* and grant such other and further relief as it deems necessary.

## REQUEST FOR ORAL ARGUMENT

Gadsby Hannah respectfully requests a hearing on its Motion *in limine*.

Respectfully submitted,

GADSBY HANNAH LLP

By its attorneys,

/s/ Terri L. Pastori
Michael J. Stone, Esquire, BBO#482060
Terri L. Pastori, Esquire, BBO#635323
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

## CERTIFICATION

I certify pursuant to Local Rule 7.1 that counsel for the parties conferred on January 19, 2007 and attempted in good faith to narrow or resolve the issues raised in this motion and were unable to do so.

/s/ Terri L. Pastori
Terri L. Pastori

## CERTIFICATE OF SERVICE

I, Terri L. Pastori, hereby certify that on January 19, 2007, the foregoing document was served upon counsel for the plaintiff, John S. Davagian, Esquire, by electronic mail at jsdavagian@jsdlawgroup.com.

/s/ Terri L. Pastori
Terri L. Pastori

PABOS2:TPASTOR:653291_1
14825-90693