UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12388-RWZ

THE MILLGARD CORPORATION

v.

GADSBY HANNAH, LLP

PRETRIAL ORDER

February 6, 2007

ZOBEL, D.J.

This matter having come before the Court at a pretrial conference held pursuant to Rule 16, Fed.R.Civ.P., 28 U.S.C., and John S. Davagian, II, Esq., and Thomas E. Sartini, III, Esq., having appeared as counsel for plaintiff, and Michael J. Stone, Esq., and Terri L. Pastori, Esq., having appeared as counsel for defendant, the following action was taken:

1. **TRIAL**

Trial with jury is scheduled to commence on March 5, 2007, at 9:00 a.m. and is estimated to last 5-6 days and will conclude no later than March 14, 2007.

2. **JURY**

The court will impanel eight jurors. Counsel shall file any proposed questions to the jury on voir dire by February 28, 2007. Each side will have four peremptory challenges.

3.   **ISSUES**

The parties agree that the only issues to be tried are:

    a)   Whether plaintiff retained defendant to provide advice on Connecticut law relative to the Tomlinson Bridge Project and specifically with respect to the following issues:

        i)   between the end of May 1998 and July 2000, the procedural requirements of Connecticut General Statutes ("CGS") §4-61, the sovereign immunity provision;

        ii)   between May 1998 and April 2000, the procedures to follow to retain plaintiff's rights under the performance bond;

        iii)   between May 1998 and August 1999, the rules and procedures to follow to present to the Connecticut Department of Transportation the problems with subsurface conditions;

    and, if so,

    b)   Whether defendant was negligent on one or more of the issues;

    c)   Whether plaintiff was negligent by

        i)   failing to provide to defendant materials, including the bond, defendant had requested;

        ii)   failing to claim against the bond itself;

    d)   Whether the negligence of defendant and/or plaintiff caused plaintiff losses.

4.   **GOVERNING LAW**

The parties agree that Massachusetts law applies, and that the jury will determine the parties' comparative negligence.

5.  **WITNESSES**

Counsel agree that the only witnesses who will testify are those who are listed in the parties' Joint Pretrial Memorandum, attached hereto as Exhibit A.

6.  **EXHIBITS**

Prior to the commencement of trial, counsel shall confer with each other concerning any exhibits each intends to offer and note any objections each may have to the exhibits of the other. All exhibits to which opposing counsel do not object shall be deemed to be admitted into evidence. Counsel shall mark these exhibits and prepare a listing thereof, in duplicate. Objected to exhibits shall be marked for identification and listed separately.

7.  **STIPULATION**

Counsel shall prepare a list of stipulated facts in form that may allow giving it to the jury.

8.  **REQUESTS/QUESTIONS ON SPECIAL VERDICT - MARCH 16, 2007**

On the first day of trial, counsel shall file:

    (a) Requests for instructions; and

    (b) Proposed questions to the jury on special verdict.

February 5, 2007
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

# Exhibit A

A. **Plaintiff**[4]

✓ 1.  V. Dennis Millgard, Former President
    Millgard Contracting Co.
    33039 Schoolcraft Road
    Livonia, MI 48150
    734-425-8550

    Subjects:   Knowledge of contract negotiation
                Knowledge of project problems and disputes
                Knowledge of White Oak's wrongful termination of Millgard
                Knowledge of Gadsby Hannah's representation of Millgard

✓ 2.  C. Richard Millgard,
    Former Executive Vice President
    Case Foundation Company
    17028 Lochmoor Circle East
    Northville, MI 48167
    734-453-8876

    Initial Project Executive for The Millgard Corporation

    Subjects:   Knowledge of bidding of project
                Knowledge of contract negotiation

                Knowledge of project problems and disputes
                Knowledge of White Oak's wrongful termination of Millgard
                Knowledge of Gadsby Hannah's representation of Millgard

✓ 3.  David B. Coleman
    Former Vice President for Millgard
    Underpinning and Foundation Constructors, Inc.
    P.O. Box 765
    Fenton, MI 48430
    810-714-5790

    Project Manager for The Millgard Corporation

    Subject:    Knowledge of contract negotiation
                Knowledge of project problems and disputes
                Knowledge of White Oak's wrongful termination of Millgard
                Knowledge of Gadsby Hannah's representation of Millgard

4. Edmund J. Cardoza, Jr.
   Former Vice President for Millgard
   7 Weyland Circle
   North Andover, MA 01845
   978-681-8181

   Subject: Knowledge of core samples
   Knowledge of Gadsby Hannah's representation of Millgard

5. Christine E. Moretto
   Former CFO & Current Director
   The Millgard Corporation
   33039 Schoolcraft Road
   Livonia, MI 48150
   734-425-8550

   Subject: Knowledge of accounting and financial matters

6. Christopher W. Huck, Esq.
   Michelson, Kane, Royster & Barger, P.C.
   93 Oak Street
   Hartford, CT 06106-1552
   860-522-1243

   Successor Counsel to Gadsby Hannah, LLP

   Subjects: Knowledge of legal actions taken by Millgard in Connecticut subsequent to the separation of the Millgard – Gadsby Hannah attorney – client relationship

7. Ronald Busconi, Esq.
   Gadsby Hannah, LLP
   225 Franklin Street
   Boston, MA 02110
   617-345-7002

   Subjects: Knowledge of White Oak's termination of Millgard
   Knowledge of Gadsby Hannah's representation of Millgard

8.  John P. Giffune, Esq.
    Attorney at Law
    Verrill Dana, LLP
    1 Portland Square
    Portland, ME 04101
    207-774-4000

    Subjects:   Knowledge of Gadsby Hannah's representation of Millgard
                Knowledge of facts and circumstances surrounding Gadsby
                Hannah's bond claim to National Union on behalf of Millgard

The Plaintiff reserves the right to supplement this list prior to the time of trial.

The Plaintiff also reserves the right to call any witnesses identified and/or listed by the Defendant.

**B.   DEFENDANT[5]**

Defendant expects to call the following individuals as witnesses at trial:

1.  Richard K. Allen (fact)
    Senior Vice President
    Stantec
    P.O. Box 29
    54 Route 106
    North Springfield, VT 05150

2.  Ron Busconi (fact)
    McCarter & English
    225 Franklin Street
    Boston, MA 02110
    (617) 345-7000

3.  William Edwards (fact)
    Stantec
    175 Canal Street, 6th Floor
    Manchester, NH 03101-2335
    (603) 669-8672

   ✓4.    John Giffune (fact)
Verrill Dana LLP
One Portland Square
Portland, ME 04112-0586
(207) 774-4000

   ✓5.    Peter Huntsman (fact)
Assistant Attorney General
55 Elm Street
Hartford, CT 06106

   ✓6.    Joel Lewin (expert)
Hinckley Allen & Snyder, LLP
28 State Street
Boston, MA 02109
(617) 345-9000

7. Brian J. O'Rourke, Jr. (fact)
McCarter & English
225 Franklin Street
Boston, MA 02110
(617) 345-7082

Defendants may call the following individuals as witnesses if the need arises:

1. Edward Cardozza (fact)
7 Weyland Circle
North Andover, MA 01845

2. David Coleman (fact)
13400 Torrey Road
Fenton, MI 48430

3. Dennis Millgard (fact)
4747 Old Orchard Trail
Orchard Lake, MI

4. Richard Millgard (fact)
17028 Lochmoon Circle
East Northville, MI

5. Jack Morrissey (fact)
3910 Scarborough Court
Clairmont, FL 34711

6. KOR TMC (fact)

7. KOR White Oak (fact)

The Defendant reserves the right to call any of the witnesses in the plaintiff's list and any rebuttal witnesses. Because trial preparation is ongoing, the Defendant reserves the right to supplement the above list.